104 P.3d 22 (2005)
LAKEMONT RIDGE HOMEOWNERS ASSOCIATION, a Washington non-profit corporation, Respondent,
v.
LAKEMONT RIDGE LIMITED PARTNERSHIP, a Washington limited partnership; Polygon Builders Company, a Washington general partnership; Crescent Beach, Inc., a Washington corporation; Lakemont Ridge II, L.L.C., a Washington limited liability company; Polygon Northwest Company, a Washington general partnership; Brentview, Inc., a Washington corporation; and John and Mary Does, one through two-hundred, Appellants.
No. 52135-7-I.
Court of Appeals of Washington, Division 1.
January 3, 2005.
*23 Mark F. O'Donnell, John T. Eckert, Preg O'Donnell & Gillett PLLC, Seattle, WA, for Appellants.
Marion E. Morgenstern, Kent, WA, Robert K. Goff, Daniel J. DeWalt, Seattle, WA, for Respondent.
BAKER, J.
Because the required prelitigation notice was not given before commencement of this construction defect claim, we hold that this action must be dismissed without prejudice.
In 2002, the Legislature enacted chapter 64.50 RCW to require various steps to be undertaken prior to the filing of a lawsuit based on a claim of construction defects in the construction or substantial remodel of a residence. The procedures are triggered by the service of a written notice of claim upon the construction professional against whom the claim is made.[1] The process that follows such notice is designed to encourage resolution of the claim before the expense and delay of litigation is incurred. The chapter does not apply to tort claims for personal injury or death.[2]
RCW 64.50.020(1) requires a claimant to serve written notice of claim no later than 45 days before filing an action. "Claimant" is defined to include a homeowner or association,[3] and includes a subsequent purchaser of a residence from any homeowner.[4] "Residence" is broadly defined to include everything from a single-family house to a unit in a multifamily structure.[5]
If a claimant fails to give the required notice, the action is subject to dismissal without prejudice, and may not be recommenced until the notice requirement has been met.[6]
The Lakemont Ridge Homeowners Association commenced this suit without giving prior written notice to defendant construction professionals, claiming damages from construction defects. Defendants moved to dismiss because prelitigation notice was not given, but the trial court denied the motion based on another section of chapter 64.50 RCW. RCW 64.50.050(1) states that construction professionals shall provide notice to homeowners "upon entering into a contract for sale, construction, or substantial remodel of a residence" of the professional's right to offer to cure construction defects prior to any litigation. RCW 64.50.050(3) states:
This chapter shall not preclude or bar any action if notice is not given to the homeowner as required by this section.
The construction project at issue was begun and completed several years before passage of chapter 64.50 RCW, so the notice described in RCW 64.50.050 was not given. The trial court concluded that the chapter therefore did not apply, and declined to dismiss the suit. Defendant construction professionals appeal.
The interpretation of a statute is a question of law, which we review de novo.[7]
While interpreting a statute, "the primary objective of the court is to ascertain and carry out the intent and purpose of the legislature in creating it."[8] To determine legislative intent, we first look to the language of the statute.[9] If a statute is plain *24 and unambiguous, we derive its meaning from the language of the statute itself.[10] "A statute is ambiguous if it can reasonably be interpreted in two or more ways, but it is not ambiguous simply because different interpretations are conceivable."[11] We are not "`obliged to discern any ambiguity by imagining a variety of alternative interpretations.'"[12]
The Association suggests that the interplay between the two notice provisions results in two classes of homeowners: those who contracted for the purchase, construction or remodel of their residences before the effective date of chapter 64.50 RCW, and those who do so after that date. The latter are required to give the prelitigation notice, and the former are not.
There are several flaws in the Association's argument. First, chapter 64.50 RCW requires that "[i]n every construction defect action brought against a construction professional..." the claimant shall give at least 45 days notice before commencing a lawsuit.[13] The statute does not state that it is applicable only to construction projects begun after the effective date of the chapter.
Second, the statute unambiguously requires subsequent purchasers of residences to give a prelitigation notice,[14] despite the fact that such homeowners will likely not have received any personal notice of their obligation to do so.
Third, the Association's interpretation of the chapter would delay for many years the intended effect of mitigating the expense and delays of construction defect suits for all projects existing or begun before the effective date of the chapter. The statute of repose period for the accrual of such claims is six years,[15] and the applicable statute of limitations period thereafter will be as much as six years longer.[16] It is our duty to construe a statute in its entirety, avoiding interpretations that "yield unlikely, absurd or strained consequences."[17]
Given the purpose of chapter 64.50 RCW to reduce the costs and delays of construction defect claims, and the clear requirement that prelitigation notice be given by the substantial category of homeowners who are subsequent purchasers, we conclude that the Association's interpretation must be rejected as strained and unreasonable. Instead, we construe chapter 64.50 RCW to require the giving of a prelitigation notice by the homeowner, excepting only that category of original homeowners who enter into a contract after the effective date of the chapter without being given a notice of that requirement.
The Association argues that such a construction of the statute eviscerates the consumer protection aspect of RCW 64.50.050. Although construction professionals are not required to give notice to subsequent purchasers and homeowners who contracted before the chapter took effect, the consumer protection aspect of RCW 64.50.050 is not rendered meaningless, because the chapter does not leave uninformed homeowners unprotected. If homeowners file a claim without giving notice, the remedy is dismissal of their claim without prejudice. Once they have followed the requirements of chapter 64.50 RCW, they may proceed once again with their claim.
The trial court erred by not granting the motion to dismiss without prejudice. We reverse and remand to the trial court to do so.
Reversed and remanded.
KENNEDY, J., concurs.
*25 BECKER, J. (dissenting).
I respectfully dissent. The statute in question is obviously the product of a legislative compromise concerning a bill backed by the construction industry. The industry wanted to have a homeowner give written notice of a claim before filing an action. The statute fulfills that desire with its provision that an action begun without the required 45-day notice is subject to dismissal without prejudice. This provision allows the construction professional an opportunity to cure a defect before the homeowner files suit. However, the provision is unfavorable to homeowners because, as is typical with nonclaim statutes, it sets up a trap for the unwary. A claimant who is unaware of the obligation to give notice of the claim, and files suit just before the statute of limitations runs, will have the suit dismissed and be barred from refiling it.
The disadvantage to the homeowner did not go unnoticed as the bill made its way through the legislative process. The House of Representatives amended the bill to add the feature now codified as RCW 64.50.050. This section provides that the construction professional must, when contracting, give conspicuous written notice to the homeowner of the homeowner's obligation to give an opportunity to care before filing a suit. Underlining the importance of this quid pro quo is the further provision that the law "shall not preclude or bar any action if notice is not given to the homeowner as required by this section." RCW 64.50.050(3).
The majority worries that if this provision protecting homeowners is enforced, the protection for construction professionals will not go into effect right away. If so, so be it. The provision is unambiguous.
It is not at all unusual that a statute as enacted is only half a loaf as compared to what its sponsors set out to achieve. The Association's interpretation of the statute is not at all absurd or strained. By finding ambiguity where there is none, the majority rewrites the statute.
I would affirm the ruling of the trial court.
NOTES
[1] RCW 64.50.020(1).
[2] RCW 64.50.010(1).
[3] RCW 64.50.010(3).
[4] RCW 64.50.010(5).
[5] RCW 64.50.010(6).
[6] RCW 64.50.020(6).
[7] Wash. Pub. Ports Ass'n v. Dep't of Revenue, 148 Wash.2d 637, 645, 62 P.3d 462 (2003).
[8] Fraternal Order of Eagles, Tenino Aerie No. 564 v. Grand Aerie of Fraternal Order of Eagles, 148 Wash.2d 224, 239, 59 P.3d 655 (2002), cert denied, 538 U.S. 1057, 123 S.Ct. 2221, 155 L.Ed.2d 1107 (2003).
[9] Fraternal Order of Eagles, 148 Wash.2d at 239, 59 P.3d 655.
[10] State v. Keller, 143 Wash.2d 267, 276, 19 P.3d 1030 (2001), cert. denied, 534 U.S. 1130, 122 S.Ct. 1070, 151 L.Ed.2d 972 (2002).
[11] Keller, 143 Wash.2d at 276, 19 P.3d 1030.
[12] Keller, 143 Wash.2d at 277, 19 P.3d 1030 (quoting W. Telepage, Inc. v. City of Tacoma Dep't of Fin., 140 Wash.2d 599, 608, 998 P.2d 884 (2000)).
[13] RCW 64.50.020(1) (emphasis added).
[14] RCW 64.50.010(5), .020(1).
[15] RCW 4.16.310.
[16] Architechtonics Constr. Management, Inc. v. Khorram, 111 Wash.App. 725, 727-28, 45 P.3d 1142 (2002), rev. denied, 148 Wash.2d 1005, 60 P.3d 1212 (2003).
[17] Kilian v. Atkinson, 147 Wash.2d 16, 21, 50 P.3d 638 (2002).