[No. 76850-1. En Banc.]
Argued March 2, 2006. Decided April 6, 2006.

LAKEMONT RIDGE HOMEOWNERS ASSOCIATION, *Petitioner*, v.
LAKEMONT RIDGE LIMITED PARTNERSHIP
ET AL., *Respondents*.

Robert K. Goff and Daniel J. DeWalt (of Goff & DeWalt, L.L.P.) and Kenneth W. Masters (of Wiggins & Masters, P.L.L.C.), for petitioner.

Mark F. O'Donnell, David M. Poore, and Lori K. McKown (of Preg O'Donnell & Gillett, P.L.L.C.) and John T. Eckert (of Real Networks), for respondents.

Marlyn K. Hawkins and Michelle A. Ein on behalf of Washington Homeowners Coalition, amicus curiae.

¶1 C. JOHNSON, J. — This case involves statutory construction of two notice provisions of chapter 64.50 RCW relating to construction defect claims. RCW 64.50.020(1) requires a homeowner to give at least 45 days' notice to a construction professional before filing a construction defect lawsuit, giving the construction professional an opportunity to cure defects. RCW 64.50.050(1), however, requires the construction professional to give notice to the homeowner of the prelitigation notice requirement when the parties enter into a contract for sale, construction, or substantial remodel of a residence.

¶2 The condominiums at issue were constructed before chapter 64.50 RCW took effect and thus, the construction

professionals (Lakemont Ridge) did not give the homeowners notice of the prelitigation requirement. Lakemont Ridge Homeowners Association (Association) did not give prelitigation notice before filing the lawsuit. Lakemont Ridge appealed the trial court's denial of its motion to dismiss. The Court of Appeals reversed. We reverse the Court of Appeals and hold that the prelitigation notice requirement becomes operative only where the construction professionals have given prior notice to the homeowner of the requirement.

## FACTS

¶3 The Lakemont Ridge Condominium is a multiunit residential development constructed in several phases between 1994 and 1997 in Bellevue, Washington. The Association is comprised of owners of condominiums and common areas in the development. Defendants are construction professionals who participated in the construction of the development.

¶4 Chapter 64.50 RCW, the construction defect claims act (Act), contains several notice requirements. The Act became effective June 13, 2002, and thus was not in effect when the construction professionals started the development. Accordingly, Lakemont Ridge did not provide the Association or individual condominium purchasers with notice under RCW 64.50.050(1). The Association filed a lawsuit on October 29, 2002, asserting several claims relating to construction defects. The Association did not provide Lakemont Ridge with prelitigation notice under RCW 64-.50.020(1). Thus, we must decide whether the statute requires the Association to give prelitigation notice.

## ANALYSIS

¶5 Statutory interpretation is a question of law which we review de novo. Our primary duty in interpreting any statute is to discern and implement the intent of the legislature. Our starting point must always be the statute's

plain language and ordinary meaning. " 'Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous.' " *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003) (internal quotation marks omitted) (quoting *Davis v. Dep't of Licensing*, 137 Wn.2d 957, 963, 977 P.2d 554 (1999)).

¶6 The legislature enacted chapter 64.50 RCW in 2002, after finding that "limited changes in the law are necessary and appropriate concerning actions claiming damages, indemnity, or contribution in connection with alleged construction defects." RCW 64.50.005. The legislature stated, "It is the intent of the legislature that this chapter apply to these types of civil actions while preserving adequate rights and remedies for property owners who bring and maintain such actions." RCW 64.50.005. The statute applies to construction defect "actions," defined as "[a]ny civil lawsuit or action in contract or tort for damages or indemnity brought against a construction professional to assert a claim . . . for damage or the loss of use of real or personal property caused by [a construction defect]." RCW 64.50.010(1).

¶7 The statute has two notice requirements. The requirement placed on the claimant is found in RCW 64-.50.020(1), which provides:

> In every construction defect action brought against a construction professional, the claimant shall, no later than forty-five days before filing an action, serve written notice of claim on the construction professional. The notice of the claim shall state that the claimant asserts a construction defect claim against the construction professional and shall describe the claim in reasonable detail sufficient to determine the general nature of the defect.

The requirement placed on the builder/contractor is found in RCW 64.50.050(1), which states in relevant part:

> The construction professional shall provide notice to each homeowner upon entering into a contract for sale, construction, or substantial remodel of a residence, of the construction

professional's right to offer to cure construction defects before a homeowner may commence litigation against the construction professional.

RCW 64.50.050(2) provides that the notice required by this subsection shall be in substantially the following form:

CHAPTER 64.50 RCW CONTAINS IMPORTANT REQUIRE-
MENTS YOU MUST FOLLOW BEFORE YOU MAY FILE A
LAWSUIT FOR DEFECTIVE CONSTRUCTION AGAINST
THE SELLER OR BUILDER OF YOUR HOME. FORTY-FIVE
DAYS BEFORE YOU FILE YOUR LAWSUIT, YOU MUST
DELIVER TO THE SELLER OR BUILDER A WRITTEN
NOTICE OF ANY CONSTRUCTION CONDITIONS YOU AL-
LEGE ARE DEFECTIVE AND PROVIDE YOUR SELLER OR
BUILDER THE OPPORTUNITY TO MAKE AN OFFER TO
REPAIR OR PAY FOR THE DEFECTS. YOU ARE NOT OBLI-
GATED TO ACCEPT ANY OFFER MADE BY THE BUILDER
OR SELLER. THERE ARE STRICT DEADLINES AND PRO-
CEDURES UNDER STATE LAW, AND FAILURE TO FOL-
LOW THEM MAY AFFECT YOUR ABILITY TO FILE A
LAWSUIT.

Finally, RCW 64.50.050(3) states the following:

This chapter shall not preclude or bar any action if notice is not given to the homeowner as required by this section.

¶8 The Court of Appeals held the statute unambiguously requires the Association to give prelitigation notice, regardless of whether the construction professionals provided notice under RCW 64.50.050. *Lakemont Ridge Homeowners Ass'n v. Lakemont Ridge Ltd. P'ship*, 125 Wn. App. 71, 104 P.3d 22 (2005).[1] The court reasoned that since the statute

---

[1] Judge Becker dissented on the grounds that the statute unambiguously requires the construction professional to give notice of the prelitigation notice requirement before that requirement becomes effective. She also examined the legislative history and concluded that the Act was "obviously the product of a legislative compromise concerning a bill backed by the construction industry." *Lakemont Ridge*, 125 Wn. App. at 76 (Becker, J., dissenting). She concluded that the Association's interpretation furthered the legislature's dual goals of reducing litigation costs and protecting unwary homeowners from dismissal if they file too close to the statute of limitations. She noted that although the failure to comply with the prelitigation notice requirement results in dismissal without prejudice under RCW 64.50.020(6), plaintiffs who fail to give prelitigation notice may still be

does not state it is applicable only to construction projects begun after the effective date of the chapter, the prelitigation notice requirement applies to *every* construction defect action. The court also relied on the fact that subsequent purchasers must give prelitigation notice, despite the fact that those homeowners will likely not have received any personal notice of their obligation to do so. Finally, the court presumed the legislature at the time the chapter was passed did not intend to delay for many years the effect of mitigating the expense and delays of construction defect suits for all projects existing or begun before the Act's effective date. *Lakemont Ridge*, 125 Wn. App. at 75. Thus, the Court of Appeals held the prelitigation notice requirement applied to the Association's lawsuit.

¶9 The Association argues that by including two unambiguous notice requirements, the legislature intended to establish two categories of claimants. It contends that the first category consists of homeowners who already had contracted for the purchase or substantial remodel of a residence when the Act took effect. Further, it argues the legislature recognized that these claimants, who had vested rights and expectations on the Act's effective date, could not be provided with the required notice at the time they entered into their contract with the construction professionals. Since RCW 64.50.050(3) provides the chapter shall not preclude or bar any action if notice is not first given to the homeowner, it argues the legislature intentionally exempted this category of homeowners from the prelitigation notice requirement. The second category consists of homeowners who enter into contracts for the purchase and remodel of a residence after the Act's effective date. Under RCW 64.50.050(3), the prelitigation notice requirement applies to them only if the construction professional gives notice at the time the parties contract for the purchase or remodel of a residence.

---

unable to refile that claim if the statute of limitation runs before the claim is dismissed. Sixty-day tolling provisions are available but are triggered only when prelitigation notice is served.

¶10 Lakemont Ridge responds to the Association's contention that the statute created two classes of claimants, arguing there is nothing in the statute or legislative history that specifically addresses what happens when a lawsuit is filed after the statute became effective but the buildings were completed and sold before the notice requirement existed. Because the construction professionals could not have known to give notice of the prelitigation notice requirement when they entered into the contract for sale and construction of the condominiums, Lakemont Ridge argues the construction professionals' failure does not render the prelitigation notice requirement inapplicable to the homeowners. Since the Association filed the lawsuit after the statute was enacted, Lakemont Ridge argues the Association must follow the statute and give prelitigation notice. The Association failed to give prelitigation notice; Lakemont Ridge argues the trial court erred in not granting its motion to dismiss.

■■ ¶11 However, we find nothing in the Act suggesting that the prelitigation notice requirement is remedial legislation requiring retroactive application of that section alone. The entire Act became effective in June 2002. Therefore, since each provision of the Act must be given effect with no portion rendered meaningless, and the Act states it "shall not preclude or bar any action"[2] if the "construction professional fails to give the homeowner notice," the Association's action cannot be precluded or barred for failing to give prelitigation notice.

¶12 Lakemont Ridge also argues the language of the statute supports its position. Specifically, Lakemont Ridge contends the use of the phrase "every construction defect action" in RCW 64.50.020(1) but not in RCW 64.50.050(1) means the legislature intended that only the prelitigation notice provision, not the notice of the prelitigation notice provision, applies to every action. Lakemont Ridge also points to language in RCW 64.50.050(3) referencing the

[2] RCW 64.50.050(3).

notice to homeowners "as required by this section" as evidence the legislature intended to limit the actions to which the notice to homeowners applies. It argues that since "this section" did not exist at the time it constructed the development, the notice required by RCW 64.50.050 is inapplicable to this case. This technical reading, however, would eliminate one of the two explicit notice requirements of the Act. We must construe the statute to give effect to each provision and consider the language in the context of the entire statutory scheme. The legislature placed RCW 64-.50.050(3), which refers to the notice "as required by this section," right after RCW 64.50.050(2), which dictates the form of the notice. Read in context, we conclude this phrase refers to the *form* of the notice required by RCW 64.50.050 and not, as argued by Lakemont Ridge, to *when* the notice is required.

¶13 The statute unambiguously establishes two distinct notice requirements. These provisions of chapter 64.50 RCW operate together to achieve the legislature's dual goals of reducing potentially burdensome and expensive construction defect litigation and preserving rights and remedies for property owners. We construe the statute to give effect to both notice provisions. At the beginning of the parties' relationship, the construction professional must notify the homeowner of the construction professional's right to notice and the opportunity to cure any defects. RCW 64.50.050(1). If the construction professional fails to provide the notice required by this section, the Act ensures that the homeowner's failure to give prelitigation notice "shall not preclude or bar any action." RCW 64.50.050(3). However, if the construction professional provides notice of the prelitigation notice requirement, the homeowner must give prelitigation notice of the alleged defects and follow the statutory procedures designed to avoid litigation. RCW 64-.50.020(1).

¶14 This interpretation gives effect to each notice provision of chapter 64.50 RCW. This interpretation is also consistent with the express purpose the legislature cited

when enacting the statute: *preserving* adequate rights and remedies for property owners. The development was constructed before this statute became effective. Therefore, when the legislature enacted this statute, the Association had a right to file a construction defect lawsuit without giving prelitigation notice. The legislature stated it intended this statute to preserve, not restrict, the homeowners' rights. The position advanced by Lakemont Ridge and adopted by the Court of Appeals conditions the Association's right to file its lawsuit on providing prelitigation notice, thereby burdening the homeowners' existing rights and remedies, not preserving them. We reject this position because it conflicts with the legislature's statement of intent.

## CONCLUSION

¶15 Since Lakemont Ridge did not give the Association notice of the prelitigation notice requirement, the Act does not require the Association to give prelitigation notice. Therefore, the trial court properly denied Lakemont Ridge's motion to dismiss. Under the plain language of the statute, we reverse the Court of Appeals and remand to the trial court.

ALEXANDER, C.J., and MADSEN, SANDERS, BRIDGE, CHAMBERS, OWENS, FAIRHURST, and J.M. JOHNSON, JJ., concur.