230 P.3d 1083 (2010)
Paul CURHAN and Susan Curhan, husband and wife, Appellants,
v.
CHELAN COUNTY, a Washington municipal corporation; Frederick L. Guimond and Carol Ann Homsey Kasper, husband and wife, and the marital community comprised thereof, Respondents.
No. 28032-2-III.
Court of Appeals of Washington, Division 3.
May 11, 2010.
Reconsideration Denied June 4, 2010.
*1084 Allan Galbraith, Attorney at Law, Wenatchee, WA, for Appellants.
Susan E. Hinkle, Chelan County Prosecutor's Office, Wenatchee, WA, for Respondents.
Robert Gray Dodge, Law Offices of Robert G. Dodge, PLLC, Wenatchee, WA, for Respondent/Cross-Appellant.
BROWN, J.
¶ 1 Paul and Susan Curhan appeal the trial court's dismissal of their petition under the Land Use Petition Act (LUPA), chapter 36.70C RCW against their neighbors, Frederick L. Guimond and Carol Ann Homsey Kasper, husband and wife (collectively Guimond/Kasper) and Chelan County. They claim the County improperly issued Guimond/Kasper a building permit to construct a cabin with a deck facing Lake Wenatchee based upon an incorrect common line setback. The Curhans contend the trial court violated the Shoreline Management Act of 1971 (SMA), chapter 90.58 RCW and Chelan County's Shoreline Master Program (SMP) in utilizing the allegedly incorrect common line setback. Guimond/Kasper cross-appeal the court's denial of their attorney fee request. We find no error, and affirm.

FACTS
¶ 2 The Lake Wenatchee shoreline fronts the parties' adjacent properties in Chelan County. In 2006, the Curhans received a building permit from the County to construct a cabin based upon a 1,875 foot elevation Ordinary High Water Mark (OHWM). Section 16 of the SMP states, "All residential structures may be constructed up to but not waterward of the common line setback as defined in Section 7.2.170 . . . PROVIDED that this common line setback does not substantially reduce the views from the adjacent property." SMP 7.2.170 defines the common line setback as, "A setback from the ordinary high water mark which is determined by averaging the setbacks of structures existing on waterfront lots."
¶ 3 In May 2008, Guimond/Kasper successfully applied for a county building permit to construct a new cabin on their property, partly based on biologist Ryan Walker determining "the OHWM of Lake Wenatchee can consistently be found between the elevations of 1,870 and 1,871 ft." Clerk's Papers (CP) at 36. The County accepted a 54.95 feet common line setback based on its review of relevant information. The Curhans challenged the May 2008 permit in a LUPA petition, alleging the common line setback for the Guimond/Kasper property should be calculated based on an OHWM of 1,875 feet based upon evidence they possessed. In response, Guimond/Kasper voluntarily rescinded their building permit.
¶ 4 In June 2008, Guimond/Kasper successfully applied for a second building permit, utilizing an OHWM of 1,875 feet. The building was designed to sit behind the common line setback regardless of whether the common line setback was measured from an OHWM of 1,875 feet or 1,871 feet. Part of the second story deck, however, is waterward of the common line setback as measured from an OHWM of 1,871 feet.
¶ 5 The Curhans then amended their LUPA petition, arguing the County should have utilized an OHWM of 1,871 feet to calculate the common line setback for the second building permit (the common line setback is closer to the water with an OHWM of 1,875 than 1,871). Guimond/Kasper moved to dismiss the amended LUPA petition. The court granted the motion as to the building location, but reserved ruling on the location and/or design of the second-story deck. The Curhans then abandoned their argument that the deck would interfere with their "views and vistas," believing they "would not be *1085 successful" and "that argument would have been close to frivolous." CP at 1160. The court concluded the main structure footprint "was in compliance with the [SMP], and any other applicable law regarding views and vistas." CP at 144.
¶ 6 On the merits of the remaining deck issues, after considering all materials and arguments and viewing the property, the court stated, "it seems kind of unfair that the Curhans can say, `Well, it's 1,875,' and `Well, no, it's 1,871.'" CP at 1179. The court concluded, "I think there's enough fudge factor, with an ordinary high water mark, particularly in this area of Lake Wenatchee, that the County accepting 1,875 when the Curhans did it, I think that it's totally reasonable for them to do it with regard to the respondents in this case." CP at 1181. The court found no substantial view impairment and dismissed the remainder of the amended LUPA petition.
¶ 7 The court denied the Curhans' reconsideration motion and Guimond/Kasper's motion for attorney fees and costs. The Curhans appealed the trial court's petition denial for both the building footprint and the deck encroachment, but in their reply brief here, they voluntarily withdrew the building footprint issues leaving us to solely consider the trial court's adverse deck encroachment rulings. Guimond/Kasper cross-appeal the court's denial of their attorney fee and cost requests.

ANALYSIS

A. LUPA Petition
¶ 8 The issue is whether the County erred in granting Guimond/Kasper's request for a second building permit for their cabin and deck. The Curhans contend the building permit was erroneously granted because the common line setback was improperly calculated based on an OHWM of 1,875, not 1,871.
¶ 9 We review an administrative LUPA in the same position as the superior court. Habitat Watch v. Skagit County, 155 Wash.2d 397, 405-06, 120 P.3d 56 (2005). We review errors of law de novo and review the County's decision as a whole for substantial evidence supporting the decision. City of University Place v. McGuire, 144 Wash.2d 640, 647, 30 P.3d 453 (2001).
¶ 10 Under LUPA, a court may grant relief only if the party seeking relief has carried the burden of establishing that one of the following standards has been met:
(a) The body or officer that made the land use decision engaged in unlawful procedure or failed to follow a prescribed process, unless the error was harmless;
(b) The land use decision is an erroneous interpretation of the law, after allowing for such deference as is due the construction of a law by a local jurisdiction with expertise;
(c) The land use decision is not supported by evidence that is substantial when viewed in light of the whole record before the court;
(d) The land use decision is a clearly erroneous application of the law to the facts;
(e) The land use decision is outside the authority or jurisdiction of the body or officer making the decision; or
(f) The land use decision violates the constitutional rights of the party seeking relief.
RCW 36.70C.130(1). The Curhans argue RCW 36.70C.130(1)(b), (c), and (d).
¶ 11 Initially, Guimond/Kasper and the County argue the Curhans fail to assign error to the trial court's findings of fact and fail to properly assign error to the issues raised. But the trial court did not need to enter findings of fact; the issues raise questions of law; and we review administrative decisions de novo. And, the Curhans' assignments of error sufficiently identify the issues to be addressed on review. See RAP 10.3(a)(4).
¶ 12 The Curhans abandoned below their argument that the deck obstructs their views, and now argue solely that the deck encroaches on the common line setback based on an OHWM of 1,871. In Chelan County, "All residential structures may be constructed up to but not waterward of the common line setback." SMP § 16.
¶ 13 Guimond/Kasper originally received a permit from the County to build a cabin and *1086 deck using the 1,871 mark as a reference point. Guimond/Kasper rescinded their building permit and then requested, and received, a second building permit, using the Curhans' proposed OHWM of 1,875. But the common line setback was actually waterward using the 1,875 mark. They now argue the second building permit was not supported by substantial evidence given Mr. Walker's report that the OHWM was 1,871. But, the record shows the County calculated the OHWM at 1,875 for the Curhans' new construction and the Curhans urged this calculation when challenging the first building permit. The County's prior use of 1,875 and the Curhans' acceptance of 1,875 provide substantial evidence for issuing the permit. Thus, using this mark to calculate the common line setback was not erroneous. Because the deck is not waterward on that common line setback, it does not violate the SMP.
¶ 14 Given all, the Curhans fail to meet the RCW 36.70C.130(1) criteria for LUPA relief. The Curhans have not shown the County's issuance of the second building permit was an erroneous interpretation of the law, was not supported by substantial evidence, or based on a clearly erroneous application of the law to the facts. Accordingly, the trial court properly dismissed their petition. Hence, we do not reach the additional equitable grounds arguments raised by Guimond/Kasper to affirm. See Noble v. A & R Environmental Serv., LLC, 140 Wash.App. 29, 38, 164 P.3d 519 (2007) (when appeal decided on other grounds court need not reach equitable arguments).

B. Attorney Fees and Costs
¶ 15 First, we consider the cross-appeal issue of whether the trial court erred in denying Guimond/Kasper's attorney fee request. They contend the Curhans' suit was frivolous and filed out of spite.
¶ 16 We review a decision to award or deny attorney fees under RCW 4.84.185 for an abuse of discretion. Highland Sch. Dist. No. 203 v. Racy, 149 Wash.App. 307, 312, 202 P.3d 1024 (2009). "Discretion is abused when it is exercised on untenable grounds or for untenable reasons." Id. (citing State ex rel. Carroll v. Junker, 79 Wash.2d 12, 26, 482 P.2d 775 (1971).) A trial court may award attorney fees to the prevailing party if the action was frivolous and advanced without reasonable cause. RCW 4.84.185. A lawsuit is frivolous if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law. Skimming v. Boxer, 119 Wash.App. 748, 756, 82 P.3d 707 (2004).
¶ 17 Here, the Curhans filed their LUPA petition out of concern that Guimond/Kasper's first building permit was not in compliance with the SMP and SMA. A LUPA petition is the proper procedure for reviewing land use decisions made by local jurisdictions. RCW 36.70C.010. After Guimond/Kasper rescinded the first building permit and were issued a second, the Curhans realized the common setback line was now closer to the water. Again, concerned the permit did not comply with applicable shoreline laws, they amended their LUPA petition.
¶ 18 The court dismissed their arguments regarding the cabin footprint, but reserved ruling on the deck issues. While the Curhans were ultimately unsuccessful and their arguments were somewhat confused because of their several position changes, we cannot conclude they lacked any rational argument. Thus, we agree the trial court had tenable grounds to deny Guimond/Kasper's fee request. Therefore, we conclude the trial court did not abuse its discretion in declining to find the Curhans' petition was statutorily frivolous and advanced without reasonable cause.
¶ 19 Second, we consider Guimond/Kasper's request for attorney fees on appeal. Because the request is found in the last sentence of their brief and they fail to dedicate a special section for their request as required under RAP 18.1(b), the request is inadequate. Therefore, their request for attorney fees on appeal is denied.
¶ 20 Affirmed.
WE CONCUR: KULIK, C.J., and SWEENEY, J.