241 P.3d 439 (2010)
BOOKER AUCTION COMPANY, Appellant,
v.
STATE of Washington, DEPARTMENT OF REVENUE, Respondent.
No. 28715-7-III.
Court of Appeals of Washington, Division 3.
October 19, 2010.
*440 Timothy Harold Esser, Roger J. Sandberg, Esser & Sandberg PLLC, Pullman, WA, for Appellant.
Cameron Gordon Comfort, Rebecca R. Glasgow, Attorney General's Office/Revenue Division, Olympia, WA, for Respondent.
BROWN, J.
¶ 1 This appeal involves the Department of Revenue's instruction to Booker Auction Company (Booker) to pay excise tax on farm equipment sold at its future auctions. Booker's eventual superior court appeal was dismissed when the court reasoned it lacked subject matter jurisdiction to hear the appeal because no taxes had been improperly paid to trigger the court's jurisdiction. Booker now contends (1) it is entitled to review under the Administrative Procedures Act (APA), chapter 34.05 RCW and, (2) RCW 82.32.180 (requiring an aggrieved taxpayer to appeal to the superior court of Thurston County) is unconstitutional. We disagree and affirm without reaching the Department's procedural claims.

FACTS A
¶ 2 Department auditor reviewed Booker's financial records for the period of January 1, 2003 through December 31, 2006. The auditor discovered that Booker had been claiming a tax exemption for auction items sold on its property. RCW 82.08.0257 provides a farm auction exemption where "the sale is held or conducted upon a farm and not otherwise." The auditor concluded that the exemption did not apply because Booker's primary business on the land was not farming.
¶ 3 The Department decided not to assess Booker for back taxes because of apparent confusion about the application of the exemption. Instead, the Department issued prospective reporting instructions, stating, "Prospectively sales tax will be collected on sales from the auction yard." Clerk's Papers (CP) at 68.
¶ 4 Booker petitioned the Department's appeals division to vacate the prospective reporting instructions. The Department's appeals division affirmed the auditor's determination that the exemption did not apply in the future, reasoning that because Booker frequently used the buildings and land on which the auctions took place for non-farming purposes, the property did not have an exclusive farm use.
¶ 5 Booker then filed a notice of appeal with the Board of Tax Appeals (Board) again *441 challenging the Department's prospective reporting instructions. The Department requested dismissal, arguing that by statute the Board is limited to hearing appeals solely involving assessments (requiring payment of back taxes) and refund claims (where payment has already occurred). The Board agreed and dismissed the appeal for lack of subject matter jurisdiction.
¶ 6 Next, Booker petitioned in Franklin County Superior Court under the APA, seeking review of the determination issued by the Department's appeals division. The superior court granted the Department's dismissal request, finding the Department's determination "is not subject to judicial review under the Administrative Procedure Act." CP at 12. Booker appealed to this court.

ANALYSIS
¶ 7 The issue is whether the superior court erred in dismissing Booker's appeal based on lack of subject matter jurisdiction. Booker contends agency action is presumptively reviewable under the APA before the superior court.
¶ 8 Whether a trial court has subject matter jurisdiction is a question of law that we review de novo. Young v. Clark, 149 Wash.2d 130, 132, 65 P.3d 1192 (2003).
¶ 9 The right to sue state and local governments is "created by statute and is not a fundamental right." Medina v. Pub. Util. Dist. No. 1 of Benton County, 147 Wash.2d 303, 312, 53 P.3d 993 (2002). This includes actions against the Department of Revenue, challenging an excise tax, including the retail sales tax. RCW 82.03.180 provides in relevant part, "Judicial review of a decision of the board of tax appeals shall be de novo ... [but] no review from a decision made pursuant to RCW 82.03.130(1)(a) may be obtained by a taxpayer unless within the petition period provided by RCW 34.05.542 the taxpayer shall have first paid in full the contested tax." (Emphasis added.)
¶ 10 Additionally, RCW 82.32.150 states:
All taxes, penalties, and interest shall be paid in full before any action may be instituted in any court to contest all or any part of such taxes, penalties, or interest. No restraining order or injunction shall be granted or issued by any court or judge to restrain or enjoin the collection of any tax or penalty or any part thereof, except upon the ground that the assessment thereof was in violation of the Constitution of the United States or that of the state.
(Emphasis added.) According to the plain language of this statute, the sole time when collection of a tax can be prospectively enjoined is when a tax assessment violates the federal or state constitution.[1] Booker raises no constitutional issue regarding the imposition of the tax.
¶ 11 Based on the clear statutory language of RCW 82.32.150 and RCW 82.03.180, the superior court does not have jurisdiction to hear Booker's complaint until an auction sale occurs and the excise tax is paid. This conclusion is consistent with the public's interest in not disrupting tax streams into the state treasury. As an Indiana court noted, "the disruption of the state's prompt and orderly collection of taxes ... could have catastrophic effects on [the state's] economy, let alone the solvency of the state government." Ziegler v. Indiana Dep't of State Rev., 797 N.E.2d 881, 889 (Ind.Tax 2003). Our legislature's requirement that taxes be paid, and then contested, harmonizes with this policy.
¶ 12 In sum, a taxpayer filing an action in court to contest an excise tax, penalty, or interest, including a petition for judicial review of a formal Board decision, must first pay the tax in full. A possible exception is when an excise tax, penalty, or interest has been assessed and the taxpayer challenges the constitutionality of the tax. But that requirement is not present here; the Department solely issued prospective reporting instructions, *442 without assessing back taxes, thus the court does not have jurisdiction over Booker's complaint.
¶ 13 Booker next contends the APA trumps statutory requirements. But, the APA states its exclusive judicial review procedures do not apply "[t]o the extent that de novo review ... of agency action is expressly authorized by provision of law." RCW 34.05.510(3). Here, because RCW 82.32.180 provides de novo review, Booker may not alternatively obtain review under the APA's judicial review procedures.
¶ 14 Applying the APA to afford review of prospective reporting instructions, without payment of a tax, would directly conflict with RCW 82.32.150 by allowing review of an excise tax dispute in superior court without payment of the tax in full. RCW 82.32.150 requires prepayment in full before "any action may be instituted in any court." (Emphasis added.) Moreover, RCW 82.32.150 and .180 constitute the legislature's specific pronouncements with regard to tax disputes in superior court. Where a general statute addresses the same matter as a specific statute and the two cannot be harmonized, the specific statute prevails over the general. AOL, LLC v. Dep't of Rev., 149 Wash.App. 533, 542, 205 P.3d 159 (2009). Thus, the APA's general provisions cannot overcome RCW 82.32s specific ones. The APA does not circumvent the legislature's precisely governed system for obtaining superior court review of an excise tax challenge.
¶ 15 Booker next contends RCW 82.32.180, requiring aggrieved tax payers to file their complaints in Thurston County Superior Court is unconstitutional. Preliminarily, this issue was not listed in Booker's assignments of error or listed as an issue at the beginning of its brief. RAP 10.3(a)(4) requires an appellant to set forth each issue in the assignment of error section of his or her brief. Further, as pointed out by the Department, this issue is raised for the first time on appeal. While RAP 2.5(a) permits a party to raise a manifest error affecting a constitutional right for the first time on appeal, Booker does not claim that the trial court committed a manifest error affecting a constitutional right. Accordingly, this issue is not properly before this court.
¶ 16 Nevertheless, article II, section 26 of Washington's Constitution states, "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." Moreover, our Supreme Court has long held that the legislature can limit tax refund suits against the State to Thurston County Superior Court pursuant to article II, section 26. See Weber v. Sch. Dist. No. 7 of Yakima County, 185 Wash. 697, 704, 56 P.2d 707 (1936) ("An action cannot be maintained against the state without its consent, and, when the state does so consent, it may fix the place in which it may be sued."); Lacey Nursing Ctr., Inc. v. Dep't of Rev., 128 Wash.2d 40, 53-54, 905 P.2d 338 (1995) (the right to bring excise tax refund suits against the state must be "`exercised in the manner provided by statute'") (quoting Guy F. Atkinson Co. v. State, 66 Wash.2d 570, 575, 403 P.2d 880 (1965)).
¶ 17 Accordingly, our legislature allows certain tax actions against the State, but before any action may be brought, the person challenging the tax must pay the tax in full. RCW 82.32.150; RCW 82.03.180. Once a tax has been paid, a taxpayer may bring a refund action directly in superior court in Thurston County. RCW 82.32.180.
¶ 18 Given our reasoning, we do not address the Department's additional ground to affirm relating to the timeliness of Booker's petition for review. See Curhan v. Chelan County, 156 Wash.App. 30, 37, 230 P.3d 1083 (2010) (when appeal decided in favor of respondents, court need not reach respondent's additional grounds to affirm). And, because Booker does not prevail here, we do not reach its request for attorney fees under RCW 4.84.350(1).
¶ 19 Affirmed.
WE AFFIRM: KORSMO, A.C.J., SWEENEY, J.
NOTES
[1] As a side issue, Booker argues Title 82 RCW does not apply because it is not a taxpayer. For the purposes of Title 82, "`taxpayer' includes any individual, group of individuals, corporation, or association liable for any tax or the collection of any tax hereunder, or who engages in any business or performs any act for which a tax is imposed by this title." RCW 82.02.010(3). Based on this definition, Booker qualifies as a taxpayer.