IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| LAKESIDE INDUSTRIES, INC., | ) | No. 81502-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| WASHINGTON STATE DEPARTMENT | ) | PUBLISHED OPINION |
| OF REVENUE, | ) | |
| | ) | |
| Respondent. | ) | |

BOWMAN, J. — Lakeside Industries Inc. is an asphalt manufacturer and retailer that uses much of its product for its own public road construction activities. Lakeside appealed the Department of Revenue's (DOR's) specific written instructions that Lakeside must utilize comparable sales instead of a "cost basis" method to calculate the amount of asphalt use-tax owed. DOR upheld the written instructions, and Lakeside petitioned for judicial review under the Administrative Procedure Act (APA), chapter 34.05 RCW, in King County Superior Court. The court dismissed the petition for lack of subject matter jurisdiction and failure to state a claim upon which the court can grant relief because Lakeside sought relief under the APA instead of Title 82 RCW, and did not follow the statutory requirements to appeal a tax matter. We conclude the trial court erred by dismissing Lakeside's petition for lack of subject matter jurisdiction, but affirm the dismissal for failure to state a claim.

Citations and pin cites are based on the Westlaw online version of the cited material.

FACTS

Lakeside is an asphalt manufacturer, retailer, and paver. It uses much of its asphalt on its own public road construction projects. Lakeside must pay a "use tax" on the value of the self-manufactured asphalt utilized in their projects. RCW 82.12.010(7)(b); WAC 458-20-171. To calculate the use tax, the value of the asphalt is based on "sales at comparable locations in [Washington] [S]tate of similar products of like quality and character, in similar quantities, under comparable conditions of sale, to comparable purchasers." WAC 458-20-112(3). If no comparable sales exist, Lakeside may use the cost of manufacturing the asphalt to determine its value. WAC 458-20-112(3).

According to Lakeside, very few comparable sales exist because of the hundreds of different types of asphalt they manufacture, and because sales are influenced by job specification, location, conditions, and market forces. As a result, Lakeside has historically relied on the "cost basis" method to calculate its use tax, and DOR has accepted its valuation.

In June 2018, DOR performed a partial audit of Lakeside's vehicle sales for January 1, 2014 to March 31, 2018. The partial audit led to no tax adjustment or assessment of additional taxes for vehicle sales. But along with the audit results, DOR issued "specific written instructions,"[1] directing Lakeside to use comparable sales to calculate the value of its self-manufactured asphalt used in future public construction projects. The instructions informed Lakeside it could no longer calculate value on a cost basis.

---

[1] If a taxpayer disregards "specific written instructions as to reporting or tax liabilities," DOR "must" assess a penalty of 10 percent of the amount of tax owed. RCW 82.32.090(5).

Lakeside petitioned DOR for "an adjudication and the withdrawal" of the instructions, seeking both formal review under the APA and informal administrative review under WAC 458-20-100. Lakeside argued that DOR could not issue specific written instructions as part of an unrelated audit and that the instructions were arbitrary and capricious because they were not based on Lakeside's "actual records," which showed no comparable sales for asphalt.

DOR conducted an informal administrative review, the only type available for rulings on future tax liability. See WAC 458-20-100(1)(a). A tax review officer from DOR's Administrative Review and Hearings Division held a hearing on Lakeside's petition and issued Determination No. 19-0219 (Wash. Dep't of Revenue, Admin. Review & Hr'gs Div., Aug. 28, 2019) (unpublished). The determination upheld the written instruction with modifications. It also authorized Lakeside to seek a "Letter Ruling" from DOR approving a return to the cost-basis method if Lakeside "ceases to have comparable sales." But Lakeside would have to "include copies of one year of invoices to substantiate its Letter Ruling request."

Lakeside petitioned for reconsideration. A tax review officer issued Determination No. 19-0219R (Wash. Dep't of Revenue, Admin. Review & Hr'gs Div., Dec. 20. 2019) (unpublished), denying Lakeside's petition but revising the effective date of the written instructions. The decision became DOR's final action and remains "binding"

> until the facts change, the applicable statute or rule changes, or is ruled invalid by a published appellate court decision not subject to review, [DOR] publicly announces a change in the policy upon

which these instructions are based, or [DOR] notifies the taxpayer in writing that these instructions are no longer valid.

Lakeside then petitioned the King County Superior Court for judicial review under the APA. Lakeside asked the court to set aside Determination No. 19-0219R and DOR's written instructions. DOR moved to dismiss Lakeside's petition under CR 12(b)(1), (3), and (6), claiming the case "was filed at the wrong time, in the wrong county, and under the wrong statute."

The court granted the motion to dismiss under CR 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. The court noted that case law establishes "there's no mechanism for direct judicial review of [DOR]'s denial of a ruling request," and access to court review requires taxes be "paid . . . in full." The court dismissed the case "for failure to follow the [Title 82 RCW] statutory requirements for a challenge such as the one that's before the court."

Lakeside appeals.

ANALYSIS

Lakeside argues the trial court erred in dismissing its petition under CR 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which the court can grant relief. Whether a court has subject matter jurisdiction is a question of law reviewed de novo. Young v. Clark, 149 Wn.2d 130, 132, 65 P.3d 1192 (2003). We also review de novo a trial court's ruling to dismiss for failure to state a claim. Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007).

4

Subject Matter Jurisdiction

Lakeside claims the trial court erred by dismissing its petition under CR 12(b)(1) because the legislature "authorized superior courts to review excise tax controversies under Title 82 RCW." We agree.

"Generally speaking, jurisdiction is the power of a court to hear and determine a case." In re Marriage of Buecking, 179 Wn.2d 438, 447, 316 P.3d 999 (2013). "Subject matter jurisdiction" refers to "the court's ability to entertain a type of case." Buecking, 179 Wn.2d at 448. Under the Washington Constitution, the superior court has original jurisdiction in all cases that involve "the legality of any tax," and appellate jurisdiction in cases "as may be prescribed by law." Art. IV, § 6. Title 82 RCW confers appellate jurisdiction over tax related matters to the superior court. See RCW 82.32.180; RCW 82.03.180.

The legislature cannot restrict the court's jurisdiction where the constitution has specifically conferred dominion to the court. Buecking, 179 Wn.2d at 448. But the legislature may direct "in what manner, and in what courts, suits may be brought against the state." WASH. CONST. art. II, § 26. And it can "establish certain conditions precedent before suit can be brought against the [s]tate." McDevitt v. Harborview Med. Ctr., 179 Wn.2d 59, 66, 316 P.3d 469 (2013). This is particularly true when a party seeks the court's appellate jurisdiction rather than original jurisdiction. See ZDI Gaming Inc. v. State ex rel. Wash. Gambling Comm'n, 173 Wn.2d 608, 619, 268 P.3d 929 (2012) ("[T]he legislature has greater power to sculpt the appellate jurisdiction of the individual superior courts.").

The legislature has established two paths under Title 82 RCW by which a party may access the superior court's appellate jurisdiction for tax related matters.  First, a party, "having paid any tax as required and feeling aggrieved by the amount of the tax," may appeal directly to Thurston County Superior Court.  RCW 82.32.180.  Alternatively, a party can first seek administrative review by the Washington State Board of Tax Appeals, and then appeal to the superior court.  RCW 82.03.180.  If the party is appealing from a formal administrative hearing, the APA governs judicial review.  RCW 82.03.180; RCW 34.05.510.  When, as here, a party appeals an informal administrative decision, judicial review occurs under RCW 82.03.180.  No matter the path a tax payer follows to judicial review, "the taxpayer shall have first paid in full the contested tax, together with all penalties and interest."  RCW 82.03.180; RCW 82.32.150, .180.[2]

DOR argues the superior court lacked subject matter jurisdiction to hear Lakeside's appeal of DOR's decision because Lakeside failed to pay its taxes before seeking judicial review.  But statutory limitations on the exercise of a court's jurisdiction do not have the effect of depriving the court of its jurisdiction altogether.  Buecking, 179 Wn.2d at 449.  Either a court has subject matter jurisdiction or it does not.  Williams v. Leone & Keeble, Inc., 171 Wn.2d 726, 730, 254 P.3d 818 (2011).  Instead, statutory procedural requirements limit when the superior court will invoke its jurisdiction.  Stewart v. Dep't of Emp't Sec., 191 Wn.2d 42, 52, 419 P.3d 838 (2018).

---

[2] Constitutional challenges to a tax assessment are the only exceptions to the rule that taxes must be paid in full before obtaining judicial review.  RCW 82.32.150.

6

Here, the legislature conferred appellate subject matter jurisdiction over tax related matters to the superior court under Title 82 RCW. As a result, the superior court has the authority to hear Lakeside's appeal from DOR's informal ruling upholding the written instructions that direct Lakeside's future method of calculating its use tax. But the legislature limited when the court will invoke that jurisdiction by proscribing a procedural barrier—full payment of the disputed tax. Failure to satisfy the procedural barrier does not deprive the court of its subject matter jurisdiction.[3] Rather, it bars Lakeside from accessing the court's jurisdiction. The court erred by dismissing Lakeside's petition for judicial review under CR 12(b)(1).

Failure To State a Claim

Lakeside claims the trial court erred in granting DOR's motion to dismiss its petition for failure to state a claim upon which the court can grant relief under CR 12(b)(6). DOR asserts that Lakeside's petition for review was properly dismissed because Lakeside petitioned under the APA instead of RCW 82.03.180. We agree with DOR.

A CR 12(b)(6) motion questions the legal sufficiency of the allegations in a pleading, asking "whether there is an insuperable bar to relief." Markoff v. Puget Sound Energy, Inc., 9 Wn. App. 2d 833, 839, 447 P.3d 577 (2019), review denied, 195 Wn.2d 1013, 460 P.3d 183 (2020). A court may dismiss an action

---

[3] We recognize that Division Three of our court arrived at a different conclusion in Booker Auction Co. v. Washington Department of Revenue, 158 Wn. App. 84, 89, 241 P.3d 439 (2010), where it determined that failure to pay a tax before petitioning for review deprived the court of subject matter jurisdiction. But subsequent case law has "narrowed the types of errors that implicate a court's subject matter jurisdiction." Buecking, 179 Wn.2d at 448. We disagree with Booker's characterization that failure to meet a procedural requirement deprives the superior court of subject matter jurisdiction.

for failure to state a claim only if it appears beyond a reasonable doubt that no facts justifying recovery exist. Durland v. San Juan County, 175 Wn. App. 316, 320, 305 P.3d 246 (2013), aff'd, 182 Wn.2d 55, 340 P.3d 191 (2014).

The APA is the exclusive means of judicial review of an agency action unless de novo review is expressly authorized elsewhere by statute. RCW 34.05.510(3). As discussed above, the legislature expressly authorized two separate paths for de novo review of tax challenges in Title 82 RCW. See RCW 82.32.180; RCW 82.03.180. Where general and specific statutes address the same matter, the specific statute prevails. Booker, 158 Wn. App. at 90. "Thus, the APA's general provisions cannot overcome [Title 82 RCW] specific ones. The APA does not circumvent the legislature's precisely governed system for obtaining superior court review of an excise tax challenge." Booker, 158 Wn. App. at 90.

Lakeside tries to sidestep the application of Title 82 RCW by arguing it is "not challenging the assessment of any excise taxes or seeking to obtain a tax refund." According to Lakeside, DOR's written instructions are not an assessment of a tax, and "the procedural requirements set forth in those statutes simply do not apply."

Lakeside cites a recent United States Supreme Court case, CIC Services, LLC v. Internal Revenue Service, ___ U.S. ___, 141 S. Ct. 1582, 209 L. Ed. 2d 615 (2021), in support of its argument.[4] In that case, the Court considered whether the anti-injunction statute, 26 U.S.C. § 7421(a), barring suits to restrain

---

[4] Lakeside submitted this case in a notice of supplemental authority, filed May 24, 2021.

the assessment or collection of any tax, prohibits a challenge to an IRS[5] information reporting requirement. CIC, 141 S. Ct. at 1586-87. The reporting requirement compels tax payers and advisors in certain insurance agreements to provide a detailed description of the transaction so that the IRS can understand the tax structure and determine whether the insurance contract "is a sham" designed to escape tax liability. CIC, 141 S. Ct. at 1587. Failure to submit the detailed reports is punishable by civil tax penalties and criminal penalties. CIC, 141 S. Ct. at 1587.

In assessing whether the reporting requirement was a tax assessment barred by the anti-injunction statute, the Court looked to the lawsuit's "purpose," and inquired "not into a taxpayer's subjective motive, but into the action's objective aim—essentially, the relief the suit requests." CIC, 141 S. Ct. at 1589. The Court determined that the petitioner sought relief from a reporting requirement, which does not levy a tax, but "compels taxpayers and their material advisors to collect and submit detailed information" to discern whether the transaction is taxable. CIC, 141 S. Ct. at 1591. The Court noted the "reporting rule and the statutory tax penalty are several steps removed from each other," requiring a "threefold contingency" before tax liability attached. CIC, 141 S. Ct. at 1591. It stated the petitioner "stands nowhere near the cusp of tax liability: Between the upstream Notice [to report information] and the downstream tax, the river runs long." CIC, 141 S. Ct. at 1591. Because of the long path between the reporting requirement and the tax, the Court concluded, "The suit contests, and

---

[5] United States Internal Revenue Service.

9

seeks relief from, a separate legal mandate" rather than a tax, and is not barred. CIC, 141 S. Ct. at 1593-94.[6]

Unlike the IRS reporting requirements in CIC that may or may not lead to tax liability, DOR's written instructions direct Lakeside to start using the comparable sales method for calculating its future use tax. Payment of the use tax is imminent. And the objective of Lakeside's lawsuit is to challenge the amount of taxes it owes. Lakeside's petition is a challenge to tax liability that must be brought under Title 82 RCW.

Division Three of our court reached the same conclusion in Booker. There, DOR issued prospective written instructions for excise tax on farm equipment Booker Auction Co. sold at auctions. Booker, 158 Wn. App. at 86-87. Booker petitioned the superior court for review under the APA, seeking to vacate DOR's instructions. Booker, 158 Wn. App. at 87. The court determined the APA did not apply because Title 82 RCW provides de novo review for tax challenges. Booker, 158 Wn. App. at 89. And "[a]pplying the APA to afford review of prospective reporting instructions, without payment of a tax, would directly conflict with RCW 82.32.150 by allowing review of an excise tax dispute in superior court without payment of the tax in full." Booker, 158 Wn. App. at 89.

---

[6] Lakeside also cites AOL, LLC. V. Washington Department of Revenue, 149 Wn. App. 533, 205 P.3d 159 (2009), and Wells Fargo Bank, N.A. v. Washington Department of Revenue, 166 Wn. App. 342, 271 P.3d 268 (2012), in support of its argument. Neither case is persuasive. AOL acknowledges that the term " 'assessment' " and the phrase " 'such tax, penalties, and interest' " are used interchangeably in Title 82 RCW. AOL, 149 Wn. App. at 549 n.20 (quoting RCW 82.32.100(2)). Even so, the provisions in Title 82 RCW clearly require payment of all taxes, penalties, and interest (or assessments) before initiating an appeal. In Wells Fargo, the court determined the APA governed a dispute over a settlement agreement between DOR and a taxpayer because the provision authorizing DOR to execute settlement agreements does not provide for de novo review. Wells Fargo, 166 Wn. App. at 353-54. As discussed above, Title 82 RCW provides for de novo review of Lakeside's appeal.

No. 81502-4-I/11

Because Lakeside petitioned under the APA rather than RCW 82.03.180 and had not yet paid the use tax, it fails to state a claim upon which relief can be granted.  See Blue Spirits Distilling, LLC v. Wash. Liquor & Cannabis Bd., 15 Wn. App. 2d 779, 794, 478 P.3d 153 (2020); Gorman v. Garlock, Inc., 155 Wn.2d 198, 218-19, 118 P.3d 311 (2005); Asche v. Bloomquist, 132 Wn. App. 784, 788, 133 P.3d 475 (2006).  Lakeside's claim is legally insuperable and properly dismissed under CR 12(b)(6).

Affirmed.

Brennan, J

WE CONCUR: