# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| KEVIN DOLAN and a class of similarly situated individuals, | No. 60045-5-II |
| Respondents, | |
| v. | |
| KING COUNTY, a political subdivision of the State of Washington, | UNPUBLISHED OPINION |
| Defendant, | |
| And | |
| DEPARTMENT OF RETIREMENT SYSTEMS, | |
| Appellant. | |

CRUSER, C.J.—The Department of Retirement Systems (DRS) appeals the trial court's order granting the class members' motion to enforce the trial court's prior orders concerning attorney fee repayment. The class members brought the motion after DRS, for the second time, deducted a class member's share of the common fund attorney fee payment from the class member's payout of their employee contribution to the Public Employees Retirement System (PERS) when the class member withdrew from PERS and forfeited their pension. In an earlier unappealed order, the trial court ruled that DRS lacked authority to deduct money from a

withdrawing class member's employee contribution to PERS to cover their portion of the common fund attorney fee because doing so would be inequitable.

DRS argues that the trial court erred as a matter of law by granting the class members' motion to enforce because (1) the trial court improperly relied on the law of the case doctrine, (2) DRS has express or implied statutory authority to deduct unpaid liabilities, (3) the trial court's decision exempts class members who benefitted from the litigation from paying their share of the attorney fee award contrary to binding precedent, and (4) allowing class members to reimburse DRS for their portion of the common fund attorney fee repayment using their forfeited pension benefit violates our state constitutional prohibition against lending state funds. DRS further contends that (5) the trial court abused its discretion by ordering DRS to pay the class members' attorney fees incurred in bringing the motion to enforce.

We hold that the trial court did not err by granting the class members' motion to enforce because (1) the trial court did not rely on the law of the case doctrine, (2) no statute or court order gives DRS authority to withhold the attorney fee payment from a withdrawing class member's employee contribution, (3) the order does not conflict with established precedent because it requires withdrawing class members to pay their share of the attorney fee award, and (4) the trial court's order did not violate the state constitutional prohibition on the lending of state funds because PERS funds are not state or public funds, but a special fund of a proprietary nature. We further conclude that the trial court abused its discretion by ordering DRS to pay class counsel's attorney fees as a sanction under RCW 4.84.185 because DRS's arguments were not frivolous.

Class counsel requests that we order DRS to pay the class's attorney fees incurred in response to this appeal because the appeal is frivolous. We conclude that DRS's appeal is not frivolous.

Accordingly, we affirm the trial court's order granting the class members' motion to enforce except the award of attorney fees. And we deny the class's request for attorney fees on appeal.

FACTS

I. BACKGROUND

In 2006, Kevin Dolan filed a class action lawsuit against King County on behalf of all employees of public defender agencies with which the County had contracted to provide legal defense services. *Dolan v. King County*, No. 52253-5-II, slip op. at 2 (Wash. Ct. App. May 12, 2020) (unpublished), https://www.courts.wa.gov/opinions/index.cfm?fa=opinions. showOpinion&filename=522535MAJ (*Dolan IV*). The complaint alleged that the class members were entitled to membership and benefits in the Public Employees Retirement System Plan (PERS), but that the County had not reported their services to the Department of Retirement Systems (DRS) or made retirement contributions on their behalf. *Id.* The class members requested declaratory and injunctive relief concerning the County's obligation to provide PERS benefits and an order requiring the County to make all contributions needed to fund those benefits. *Id.* The superior court certified the class as a mandatory injunctive class action under CR 23(b)(1) and (2). *Id.*

The case proceeded to a bench trial. *Id.* The superior court ruled that the class members should be considered county employees for purposes of receiving coverage under PERS. *Id.* Based

on its decision, the court issued a permanent injunction requiring the County to enroll class members in PERS. *Id.*

The County appealed to our supreme court. *Dolan v. King County*, 172 Wn.2d 299, 310, 258 P.3d 20 (2011) (*Dolan I*). The court affirmed the superior court, holding that class members were county employees for purposes of PERS and were entitled to be enrolled in PERS. *Dolan IV*, slip op. at 3. The court remanded for further proceedings regarding remedies. *Id.*

As we stated in our slip opinion in *Dolan IV*,

On December 18, 2012, the County and the class reached a settlement. The County agreed to make retroactive payments to PERS on behalf of the County as the employer and on behalf of the class members as the employees without receiving reimbursements from the class. The County also agreed to make payments from the date that the County should have enrolled the class members. Pursuant to the settlement, the class members received retroactive benefit eligibility and service credits in PERS from the date that the County should have enrolled the class members.

*Id.* at 1.

Pursuant to the settlement agreement, class members would pay common fund attorney fees "from the Employee Contribution portion of the PERS contributions, not from the Employer Contribution portion of the PERS contributions." Clerk's Papers (CP) at 152. DRS would advance the class members' payment and the class members would repay the advance to DRS either directly, or by a reduction from the class members' future retirement benefits. The agreement further provided:

If a Class Member withdraws from PERS before retiring, DRS shall calculate, as of the time of the withdrawal, the present value of the future benefit check deductions that would have been made under this Agreement. DRS shall be entitled to offset and retain that amount before paying any remaining balance owed to the Class Member.

4

*Id.* at 155. The parties' agreement was conditioned upon DRS being required to advance, and actually advancing, the common fund fee subject to repayment by the class members.

DRS was not a party to the settlement. *Dolan IV*, slip op. at 3. Shortly after the superior court's preliminary approval of the settlement agreement, DRS moved for full intervention. *Id.* The trial court allowed DRS limited intervention to object to the settlement and to have the right to appeal. *Id.* The court entered a final order approving the settlement over DRS's objections. *Id.*

DRS appealed the superior court's approval of the settlement agreement to this court. *Dolan v. King County*, No. 44982-0-II (Wash. Ct. App. Nov. 18, 2014) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2044982-0-II%20%20Unpublished%20Opinion.pdf (*Dolan II*). DRS argued, in part, that the court erred by denying DRS's motion to intervene and in ruling that the settlement agreement bound DRS. *Dolan IV*, slip op. at 3-4. We reversed and remanded the court's order denying DRS's motion for full intervention and final order approving the settlement agreement. *Id.*

On remand, the class moved to modify the superior court's April 2009 permanent injunction to clarify issues of service credit for the class members. *Id.* On June 3, 2015, the class and County entered a stipulation in which the County agreed to modify the permanent injunction. The stipulation expressly did "not resolve the Class Member's obligation to pay fees or a method of paying attorney fees." CP at 327. The court approved the stipulation, without objection by DRS, in its order modifying permanent injunction. The modification order stated that the class was entitled to receive retroactive PERS service credit for work as county employees between January 1, 1978 and March 31, 2012. *Dolan IV*, slip op. at 4. Additionally, the County would be required to pay DRS retroactive employer and employee contributions of approximately $32 million. *Id.*

The order did not resolve the issue of whether class members had an obligation to pay attorney fees or the method of paying attorney fees. *Id.*

The class moved for approval of an attorney fee award of $12,554,000 pursuant to the common fund doctrine. *Id.* On August 28, 2015, the superior court entered an order granting the class's request. *Id.* Under this theory, the court ordered DRS to advance the common fund fee. The class would repay DRS either by "(1) future deductions from their monthly retirement pensions or (2) by paying their pro rata share of the fees with cash now or time payments, or by transferring funds from an existing retirement account." CP at 185. If the class member did not choose an option within 90 days, the member was defaulted into payment option (1). Neither the trial court's orders nor the stipulation addressed what would occur if a class member withdrew their employee contributions and forfeited their pension.

DRS moved to reconsider the court's order awarding class counsel a common fund fee, arguing, among other things, that under *Bowles v. Washington Department of Retirement Systems*, 121 Wn.2d 52, 847 P.2d 440 (1993), it cannot lend state pension funds or credit to pay attorney fees for the class. The trial court rejected this argument, concluding that *Bowles* held "that the payment of the common fund fee from contributions was not an unconstitutional lending of state credit" and "monies paid by King County are not state funds or public funds, but a special fund of a proprietary nature." CP at 67.

After the order on attorney fees went into effect, the class filed a motion to correct the fees assessed for five class members. *Dolan IV*, slip op. at 7. The trial court granted relief for one class member, Judge Inveen, because her PERS pension had not increased due to the *Dolan* service credit, and therefore she did not receive any benefit from the litigation. *Id.* at 9. The trial court

denied relief for other class members who had received some benefit from the litigation. *Id*. And the trial court rejected the class's argument that certain class members should have their fees recalculated. The trial court adopted DRS's argument that principles of finality prevented the trial court from revisiting the methodology for calculating each class member's share of the attorney fee award. This court affirmed. *Id.* at 2.

A. Motion to Correct Fee Assessed Against Silva

In 2023, the class filed a motion to correct the pro rata fee assessed against class member Cathy Silva. Silva decided to withdraw her employee contribution from her PERS account and forfeit her PERS pension, which had not yet vested. DRS withheld $3,665.35 for common fund attorney fees based on an estimate by the Office of the State Actuary of the value of her PERS pension. The court granted the class's motion and ordered DRS to return the funds it withheld for attorney fees. The trial court reasoned that under the agreed orders, "DRS has no authority to deduct attorney fees from Ms. Silva's employee contribution account." CP at 405. The court held that under the agreed orders "a class member is responsible for a share of the common fund fee only if the class member receives a pension because of *Dolan* service credit or if the class member's pension is increased because of the *Dolan* service." *Id.* Because Silva did not receive a pension, DRS could not withhold attorney fees. The trial court concluded that this result was equitable because DRS "retains the employer contributions made by King County on her behalf, and [that amount] exceeds the fees DRS has withheld from Ms. Silva's account." *Id.* at 405-06. DRS did not challenge or appeal this decision.

B. Motion to Enforce Order Concerning Attorney Fee Repayment

This case concerns a motion to enforce the Silva order concerning the repayment of attorney fees for all class members. The class brought the motion after class member Elizabeth Anderson withdrew her contribution and DRS deducted money as repayment for the fee award. Anderson, like Silva, defaulted into payment option 1, a 12.67% reduction in her future PERS pension benefit. Unlike Silva, Anderson's pension had vested when Anderson withdrew her employee contributions and forfeited her related service credit. The value of Anderson's lifetime pension benefit was roughly $289,579.20. DRS withheld $7,823.84 from Anderson's $62,053.73 contribution. Anderson argued that, as in Silva's situation, DRS could not deduct attorney fees from her employee contribution.

DRS argued that Anderson should not be exempted from paying her share of the common fund attorney fee award because, pursuant to this court's decision in *Dolan IV*, only a member who does not benefit at all from participation in the class is exempted from repayment. DRS also contended that the class's desired relief was inconsistent with *Bowles* which, in DRS's view, required that attorney fees be repaid exclusively from the employee, rather than employer, contributions in order to avoid the unconstitutional lending of public funds. DRS further contended it would be inequitable to excuse class members who withdrew from PERS from paying their share of the attorney fee award because other class members who paid upfront or did not withdraw had to pay their full share. Finally, DRS argued that it had authority to deduct the fee from Anderson's employee contribution, although no provision of the stipulated agreement expressly granted this authority because RCW 41.50.135-.137 authorizes DRS to levy assessments against individuals to recover obligations owed to the fund.

Following a hearing on the matter, the trial court granted the class's motion and awarded class counsel attorney fees related to bringing the motion. In its oral ruling, the trial court expressed concern that DRS continued to deduct common fund fees from class members who forfeited their pension despite its order regarding Silva. The trial court stated, "It is the law of the case. DRS chose not to appeal it. . . . It should have been followed." Verbatim Rep. of Proc. (VRP) at 15.

The trial court's written order did not mention the "law of the case," instead, the trial court addressed and rejected each of DRS's arguments. With regard to DRS's argument that DRS must deduct the fee from the class members' employee contribution under *Bowles* to avoid offending the prohibition on lending state funds, the trial court noted that on a previous motion brought by DRS, the trial court ruled that the money in class members' PERS accounts is not state or public funds. As it relates to DRS's argument that it should be authorized to deduct fees from employee contributions, the trial court emphasized that DRS previously argued that the methods for assessing fees should not be revisited under principles of finality, that the trial court adopted this argument, and the court of appeals affirmed the trial court. Accordingly, the trial court concluded that DRS could not now ask the court to modify the method of assessing fees. Moreover, the trial court concluded that it was equitable to prevent DRS from deducting fees from withdrawing members' employee contributions because

> By forfeiting her pension, DRS receives more than a 12.67% reduction in her future pension benefits, rather it receives a complete reduction of the benefit. This more than covers the fees DRS claimed to be owed. Withdrawals help fund benefits for other members. DRS retains the employer contributions made by King County on Ms. Anderson's behalf, along with the investment gains made on the employer contributions, and the investment gains made on the employee contributions minus interest owed. This amount far exceeds the fees DRS attempts to withhold from Ms. Anderson's PERS account balance.

CP at 545-46.

The trial court further found that DRS caused a waste of judicial resources when it did not challenge the trial court's prior ruling that DRS was barred from deducting fees from withdrawn employee contributions, and then nevertheless deducted fees from withdrawn employee contributions. Moreover, the trial court concluded that "relitigating arguments that were previously decided is not rationally based in fact or law." *Id.* at 547. Accordingly, the trial court ordered DRS to pay attorney fees and expenses under RCW 4.84.185. DRS appeals.

DISCUSSION

I. LAW OF THE CASE DOCTRINE

DRS argues that the trial court erred, as a matter of law, by concluding that it was bound by its earlier ruling under the law of the case doctrine. This argument appears to stem from the trial court's statement calling the unchallenged order concerning Silva the "law of the case" at oral argument. *See* VRP at 15. As DRS correctly asserts, under the law of the case doctrine, issues decided by an appellate court become the law of the case in subsequent proceedings. *Lodis v. Corbis Holdings, Inc.*, 192 Wn. App. 30, 54, 366 P.3d 1246 (2015). Thus, the law of the case doctrine would not be applicable here because the Silva order was not an appellate order. But the trial court's written order did not incorporate the trial court's oral statement referencing the law of the case doctrine. And "a trial judge's oral decision . . . has no final or binding effect, unless formally incorporated into the findings, conclusions, and judgment." *Ferree v. Doric Co.*, 62 Wn.2d 561, 566-67, 383 P.2d 900 (1963). In its written order, the trial court assessed each of DRS's arguments and determined they were meritless. Accordingly, the trial court did not err.

The class argues that DRS's appeal is barred by res judicata. But res judicata bars relitigation of the same issue in a subsequent action. *Christensen v. Grant Cnty. Hosp. Dist. No. 1,*

152 Wn.2d 299, 306, 96 P.3d 957 (2004). Because an appeal is not a subsequent action, res judicata does not bar this appeal.

## II. DRS's AUTHORITY TO WITHHOLD EMPLOYEE CONTRIBUTION

DRS argues that the trial court erred in determining that DRS did not have authority to deduct a class member's share of the *Dolan* attorney fees when class members withdrew their employee contribution. We disagree.

First, DRS contends that the trial court's prior orders and the history of the case authorized DRS to deduct fees from a class member's withdrawal of their employee contribution. DRS points to the initial settlement agreement, that DRS successfully challenged on appeal, to support its contention that the parties agreed that withdrawing members would pay their attorney fees through a pro rata offset at the time of withdrawal. DRS contends that the trial court should have applied the terms of the initial settlement agreement because the subsequent stipulation purported to " '[reaffirm] the prior settlement agreement.' " Br. of Appellant at 34 (quoting *Dolan v. King Cnty.*, No. 49876-6-II, slip op. at 6 (Wash. Ct. App. May 1, 2018) (unpublished) https://www.courts.wa.gov/opinions/pdf/D2%2049876-6-II%20Unpublished%20Opinion.pdf). But this purported stipulation does not broadly reaffirm the prior settlement agreement as DRS asserts. Instead, the stipulation expressly incorporates discreet provisions of the former settlement agreement. *See, e.g.*, CP at 326 ("As in the previous Settlement Agreement, paragraph 78. . ."). The stipulation did not incorporate the agreement regarding DRS's authority to withhold attorney fees from a withdrawing class member's contribution. In fact, the stipulation expressly left the issue open, stating "This Stipulation does not resolve the Class Members' obligation to pay fees or a method of paying attorney fees." *Id.* at 327. Because the stipulation did not incorporate the

settlement agreement's provision concerning class members who withdraw from PERS, the trial court did not err by concluding that the parties' agreements did not authorize DRS to withhold attorney fees from Anderson's withdrawal.

Next, DRS argues that it had statutory authority to withhold the attorney fee payment from Anderson's employee contribution. DRS contends that under RCW 41.50.030 and ch. 41.40 RCW, it has authority to administer PERS, PERS funds, and PERS II member accounts. According to DRS, these statutes give DRS express or implied statutory authority to assess unpaid liabilities. DRS places particular emphasis on RCW 41.50.130 and .135-.137. These provisions, however, state that where a member has been paid retirement benefits that they are not owed, they are not entitled to a continuing benefit. RCW 41.50.130; .135-.137. Thus, these provisions do not govern situations where, as here, the member forfeits their pension.

With regard to DRS's arguments concerning its implied authority to recover unpaid liabilities, DRS mischaracterizes the trial court's ruling. The trial court concluded that DRS had authority to recover unpaid liabilities in either of the two methods that DRS agreed to in the stipulated agreement: class members would reimburse DRS through "(1) future deductions from their monthly retirement pensions or (2) by paying their pro rata share of the fees with cash now or time payments, or by transferring funds from an existing retirement account." CP at 185 (italics omitted). Most importantly, however, the trial court concluded that class members who forfeited their pension, in doing so, more than repaid their share of the attorney fee award. As the class notes and DRS does not dispute, Anderson forfeited her pension, worth nearly $300,000 when she withdrew her contribution of $62,053.73. The value that Anderson forfeited by withdrawing her contribution far exceeds her $7,823.84 common fund attorney fee obligation. Therefore, there was

no "unpaid liability" for DRS to recoup. Accordingly, the trial court did not err by concluding that DRS lacked authority to deduct Anderson's share of the common fund attorney fee award from her contribution upon withdrawal.

### III. ANDERSON'S LIABILITY UNDER *BOWLES*

DRS argues that the trial court erred as a matter of law by relieving class members who withdraw from PERS of the responsibility to pay their share of the attorney fee award because it contradicts *Bowles* and this court's decision in *Dolan IV.* The class responds that DRS did not err because, in an unchallenged finding of fact, the trial court found that the class members more than repaid DRS by forfeiting their pensions. We agree with the class.

Whether the trial court erred in not requiring Anderson to pay her portion of the common fund attorney fee award solely from her employee portion of the PERS contributions made on her behalf is a question of law we review de novo. *Borton & Sons, Inc. v. Burbank Props., LLC*, 196 Wn.2d 199, 207, 471 P.3d 871 (2020).[1] In *Bowles*¸ our supreme court made clear that the common fund doctrine "authorizes attorney fees *only* when the litigants preserve or create a common fund for the benefit of others *as well as themselves*." 121 Wn.2d at 70-71 (emphasis added). Applying this principle, this court, in *Dolan IV*, affirmed a trial court order relieving a class member who received no benefit from the litigation from paying her share of the fee award and requiring another class member who did receive some benefit to pay her share. Slip op. at 19-20. DRS contends that

---

[1] The class contends that as in *Dolan IV*, the correct standard of review is abuse of discretion. But in *Dolan IV*, the issue was whether the superior court appropriately exercised its discretion to shape equitable relief under the common fund doctrine. Slip op. at 2. Here, the issue is whether, as a matter of law, the trial court had authority to shape relief at all for this set of class members. Accordingly, while an abuse of discretion standard of review was appropriate in *Dolan IV*, we review this issue of law de novo. *Borton & Sons*, 196 Wn.2d at 207.

the trial court acted contrary to this precedent by preventing DRS from deducting Anderson's share of the fee award from her PERS withdrawal payout because, as a vested member of the class, Anderson received some benefit from the litigation. But, again, DRS mischaracterizes the trial court's ruling. The trial court did not rule that Anderson was not required to repay her portion of the fee award, but found that Anderson constructively paid her share of the attorney fees by forfeiting her pension. DRS does not challenge this finding; therefore, it is a verity on appeal. *See Hamblin v. Castillo Garcia*, 9 Wn. App. 2d 78, 85, 441 P.3d 1283 (2019). This uncontested finding supports the trial court's ruling as a matter of law because the ruling was consistent with *Bowles* and *Dolan IV*.

## IV. UNCONSTITUTIONAL LENDING OF STATE FUNDS

DRS argues that the trial court erred as a matter of law by placing the obligation of repaying Anderson's portion of the attorney fee payment to the employer (King County), through its contributions to Anderson's pension, rather than on Anderson through her employee contribution to her pension, resulting in an unconstitutional lending of state credit. We disagree.

Article VIII, section 5 of the Washington Constitution states: "The credit of the state shall not, in any manner be given or loaned to, or in aid of, any individual, association, company or corporation." In *Bowles*, our supreme court held that the trial court did not violate this provision when it ordered the PERS I fund to advance a common fund attorney fee award on behalf of the plaintiff class, subject to reimbursement by the class members. 121 Wn.2d at 74-75. The court concluded that "those funds held by PERS I that are employee contributions are not public funds and therefore are not subject to the restrictions contained in Const. art. 8, § 5." *Id.* at 75. Instead, these funds were a "special fund of a proprietary nature." *Id.* The *Bowles* court explicitly declined

to consider whether *employer* contributions were State or public funds subject to article VIII, section 5 "[b]ecause the State has the ability to comply with the trial court order regarding the advancement of fees without implicating any portion of the retirement system funds which are attributable to employer contributions." *Id.* (emphasis omitted).

Here, DRS contends, in essence, that allowing class members to use their forfeited pension to repay DRS somehow changes the character of the fund DRS used to advance the attorney fee payment from a " 'special fund of a proprietary nature' " to a public fund. Br. of Appellant at 60 (quoting *Bowles*, 121 Wn.2d at 75). In this case, the trial court did not specify which monies DRS was to use to advance the attorney fee payment. DRS fails to explain how the trial court's ruling regarding methods of *reimbursement* somehow changes the nature of the money that DRS *already used* to advance the attorney fee payment.

Even assuming that allowing class members to reimburse DRS for their portion of the common fund attorney fee by forfeiting their pension somehow transformed the attorney fee payment as having come from King County and not the employee, DRS's argument fails as a matter of logic. DRS's argument relies on the premise that when a public employer places money into PERS as part of an employee's compensation, the funds maintain their "public" character. But DRS cites no authority that supports the proposition that the County, or any other public employer, either retains its interest in its contributions made on behalf of a particular employee or regains access to those contributions when an employee forfeits their pension. Where, as here, "no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962).

Nor does DRS cite any authority to support its contention that because employees have no legal right to access the employer contribution until they qualify for benefits, employer contributions are necessarily public money. The money public employers contribute to PERS on behalf of an employee is part of the employee's compensation for public service. *City of Marysville v. State*, 101 Wn.2d 50, 57, 676 P.2d 989 (1984). These contributions are placed into PERS accounts and disbursed to qualifying employees at the time of retirement. *See* RCW 41.40.048; 41.40.010(26), (33)-(34). As with the portion of an employee's wages contributed to the fund by employees, employer contributions, once placed into the PERS system, are part of a "special fund of a proprietary nature." *See Bowles*, 121 Wn.2d at 75. Accordingly, they are not subject to the constitutional restrictions contained in article VIII, section 5. *See id.*

Furthermore, our supreme court has clarified that we take a "risk of loss" approach when addressing alleged violations of article VIII, section 5. *Johnson v. Johnson*, 96 Wn.2d 255, 267, 634 P.2d 877 (1981). "The schemes which provided the impetus for provisions like section 5 all involved the actual loss of state assets through either stock and bond purchases or suretyship." *Id.* Such provisions "should prohibit only those activities which jeopardize state assets." *Id.* Here, the method of advancing and repaying the common fund attorney fee award creates no risk of loss to the State. Whether a class member pays their share of the attorney fee through a reduction in their monthly pension benefit or by withdrawing from PERS and forfeiting their pension, the class member will reimburse DRS for their share of the attorney fee payment and DRS will be made

whole.[2] Therefore, even if public funds were somehow implicated, the purposes and objectives of article VIII, section 5 are fulfilled. *Id.*

## V. ATTORNEY FEE AWARD

DRS argues that the trial court abused its discretion by ordering DRS to pay, as a sanction, the class's attorney fees incurred in bringing its motion to enforce. Under RCW 4.84.185, a trial court is authorized to award the prevailing party its reasonable expenses, including attorney fees, incurred in opposing a frivolous action. *Bldg. Indus. Ass'n of Wash. v. McCarthy*, 152 Wn. App. 720, 745, 218 P.3d 196 (2009). An award under this statute is available only when the action is frivolous in its entirety. *State ex rel. Quick–Ruben v. Verharen*, 136 Wn.2d 888, 903, 969 P.2d 64 (1998). A frivolous action is one that "cannot be supported by any rational argument based in fact and law." *Curhan v. Chelan Cnty.*, 156 Wn. App. 30, 37, 230 P.3d 1083 (2010). We review an award under RCW 4.84.185 for abuse of discretion. *Id.*

Here, the trial court abused its discretion by ordering DRS to pay the class's attorney fees incurred in bringing the motion to enforce. As discussed above, the law of the case doctrine did not apply under these circumstances. And, while DRS did not challenge the order pertaining to Silva, we see no legal basis that would prevent DRS from challenging the order pertaining to Anderson and similarly situated class members. Ultimately, while DRS's principal arguments did not prevail, they were not "so devoid of merit" to be fairly characterized as frivolous. *See Advocs. for Responsible Dev. v. W. Wash. Growth Mgmt. Hr'gs Bd.*, 170 Wn.2d 577, 580, 245 P.3d 764

---

[2] In fact, as we note above, DRS will not merely be made whole. DRS will retain the excess money that it would have been obligated to pay to the class member as a pension.

(2010). Therefore, the trial court abused its discretion by ordering DRS to pay the class member's reasonable attorney fee brought in bringing the motion to enforce.

ATTORNEY FEES

The class requests that we award the class attorney fees under RAP 18.1 and RCW 4.84.185. Although we conclude that DRS's arguments are without merit, for the reasons discussed above, DRS's appeal is not frivolous. Accordingly, we decline to award attorney fees under RAP 18.1.

CONCLUSION

We hold that the trial court did not err by granting the class members' motion to enforce because (1) the trial court did not rely on the law of the case doctrine, (2) no statute or court order gives DRS authority to deduct the common fund attorney fee payment from a withdrawing class member's employee contribution, (3) the order does not conflict with established precedent because it requires withdrawing class members to pay their share of the attorney fee award, and (4) the trial court's order did not violate the state constitutional prohibition on the lending of state funds because PERS funds are not state or public funds, but a special fund of a proprietary nature. We further conclude, (5) the trial court abused its discretion by ordering DRS to pay class counsel's attorney fees as a sanction under RCW 4.84.185 because DRS's arguments were not frivolous. Furthermore, we deny the class's request for attorney fees on appeal because DRS's arguments were not frivolous. Accordingly, we affirm the trial court's order granting the class members' motion to enforce except the award of attorney fees. And we deny the class's request for attorney fees on appeal.

No. 60045-5-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, C.J.

We concur:

MAXA, J.

PRICE, J.